IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**YURI CALZADILLA, #141943**                                              **PLAINTIFF**

**v.**                                        **CAUSE NO. 3:17-cv-221-TSL-RHW**

**VIVIAN FRAZER**                                                         **DEFENDANT**

### OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal. Plaintiff Yuri Calzadilla, an inmate of the Mississippi Department of Corrections ("MDOC"), brings this pro se complaint pursuant to 42 U.S.C. § 1983. The named defendant is Vivian Frazer, a Commander at the Central Mississippi Correctional Facility. Calzadilla is proceeding *in forma pauperis*. *See* Order [9]. The court, having liberally construed Calzadilla's complaint [1] and response [14] in consideration with the applicable law, finds that this case should be dismissed.

I.    Plaintiff's Claims

Calzadilla states that on February 15, 2016, he was issued a Rule Violation Report ("RVR") for possession of major contraband by defendant Frazer. Calzadilla states that as a result of this RVR, in August of 2016, his custody level was reduced and on February 15, 2017, his good-time sentence credits were taken. Calzadilla also states that he was fired from his prison job. Calzadilla complains that there should be a time limit on

punishment for this RVR. Calzadilla further claims that defendant Frazer abused her power and broke MDOC rules and regulations.

Calzadilla brings this complaint under 42 U.S.C. § 1983, seeking restoration of his lost good-time sentence credits and an order directing MDOC to award him a specific custodial classification level. Compl [1] at 6.

II.   Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoners proceeding *in forma pauperis*, and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Calzadilla is proceeding *in forma pauperis*, his complaint is subject to the case-screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

Calzadilla's request for restoration of lost good-time sentence credits would result in Calzadilla receiving an earlier release from incarceration. This request must be pursued through a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding habeas corpus is "sole federal remedy" for inmate's challenge to the duration of his confinement seeking immediate release or a speedier release from

imprisonment); *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983) (reiterating that challenge to duration of prisoner's confinement is a habeas corpus matter). Therefore, Calzadilla's claims for restoration of his lost good-time sentence credits will be dismissed without prejudice to Calzadilla's pursuit of these claims in a habeas corpus case.[1]

Calzadilla is also asking this court to direct MDOC to award him a specific custody level or classification status. The classification of prisoners is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir. 1990) (citations omitted). An inmate simply does not have a "constitutionally protected interest in either a custodial classification or the possibility of earning good-time credits." *Thomas v. Jordan*, No. 07-60071, 2008 WL 4649095, *1 (5th Cir. Oct. 21, 2008) (citing *Neals v. Norwood*, 59 F. 3d 520, 533 (5th Cir. 1995)). Nor does an inmate have a constitutionally protected interest in a prison job. *See Bulger v. United States*, 65 F.3d 48, 50 (5th Cir.1995)(finding inmate's loss of prison job did not implicate a liberty interest even though the inmate lost the ability to automatically accrue good-time

---

[1] The court does not reach a determination of the viability of any possible habeas claims; nonetheless, the clerk of court is directed to mail Calzadilla a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

3

credits). MDOC's failure to award Calzadilla a specific custodial classification does not violate his constitutional rights. Thus, Calzadilla is not entitled to relief under § 1983.

Furthermore, the court finds that to the extent Calzadilla is claiming that MDOC policy and procedure was violated by the complained of punishment, he is not entitled to relief under § 1983. These allegations, without more, simply do not rise to a level of constitutional deprivation. *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.") (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)).

III. Conclusion

The court has considered the pleadings and applicable law. For the reasons stated, Calzadilla's habeas corpus claims will be dismissed without prejudice and Calzadilla's § 1983 claims will be dismissed as frivolous and for his failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Calzadilla's habeas corpus claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Calzadilla's § 1983 claims are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i)-(ii)

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915 (g).

**SO ORDERED AND ADJUDGED** this the 17th day of July, 2017.

/s/Tom S. Lee_____
UNITED STATES DISTRICT JUDGE